LOUIS D. TOLLE, Respondent, v. FRANK TITUS, Appellant.

Kansas City Court of Appeals, January 29, 1917.

1. **EQUITY: Redemption: Beneficiaries.** An action to redeem certain pieces of property that had been foreclosed under a mortgage was commenced and the issues thereafter joined. The defendant refused to give his deposition, and upon motion, the court below struck out all his pleadings and entered up judgment for the plaintiff. *Held*, that in actions in equity, and under Rule 14 of this court all the evidence must be embodied in the bill of exceptions; hence, this court will assume, there being nothing to the contrary shown in the bill of exception, that the recitals in the judgment are correct to the effect that the plaintiff Tolle was the owner of the real estate and the defendant Titus the real beneficiary in the deed of trust.

2. ———: **Practice: Trial: Exceptions.** In order to have the action of a trial court in sustaining a motion to strike out defendant's answer, because he refused to give his deposition, reviewed in the appellate court, an exception to such action of the trial court must be preserved in a bill of exceptions. It is not sufficient to have an exception noted on the record proper.

Appeal from Jackson Circuit.—*Hon. Frank G. Johnson, Judge.*

AFFIRMED.

*Pierre R. Porter* and *Frank Titus* for appellant.

*Broaddus & Crow* for respondent.

BLAND, J.—Plaintiff filed suit in the circuit court of Jackson county, at Kansas City, and in his petition asked that he be permitted to redeem certain lands situated in Kansas City, Missouri, which had been foreclosed under a deed of trust. An answer was filed by the defendant, and plaintiff, thereafter, filed his reply to said answer. On motion of the plaintiff, Judge JOHNSON, in the court below, struck all of defendant's pleadings from the files, assigning as a reason therefor that the defendant, after due and proper notice had been given, refused to give

his deposition before a Special Commissioner, duly appointed in the cause to take depositions.

The appellant complains that the action of the court in striking his pleadings from the files was error, and asks this court to review such action.

Upon examination of the bill of exceptions contained in the abstract on file, we fail to find where appellant saved any exceptions to the above described action of the lower court. We do find that under the heading, record entries, it is stated that exceptions were taken to said action of the lower court. All matters of exception to any action of the trial court during the progress of the trial must appear in the bill of exceptions, and not in the record proper. This principle is so well established that it is unnecessary to cite authorities in support of it. We therefore rule against the appellant on this point.

After striking out the pleadings of the defendant, the court proceeded to hear testimony introduced by the plaintiff, and at the termination of the hearing of the cause rendered judgment that plaintiff be permitted to redeem the real estate described in his petition from the sale by the trustee.

Appellant makes the point that there was no evidence introduced upon which the court could render such a judgment, in that there was no evidence that plaintiff owned the land at the time of the filing of the suit and that there was no evidence that defendant, Titus, was the real beneficiary under the deed of trust at the time of the foreclosure sale. The bill of exceptions contained in the abstract does not show whether there was testimony introduced on the latter point, but it does show that there was testimony on the former.

The judgment in this case recites that, ''Now comes Louis D. Tolle in person and by his attorney and presents his petition and evidence, and from plaintiff's petition and evidence introduced by plaintiff, the court finds that plantiff became the owner of the real estate described in his petition, etc.'' The judgment also recites that ''The court further finds from the evidence that the real estate described in plaintiff's petition was sold under a deed of trust, duly and regularly executed in January,

1915, to defendant, Frank Titus, the real beneficiary under the deed of trust, or mortgage, under which said sale was had.''

This is an equity case and under Rule 14 of this court in all cases of equitable jurisdiction, the whole of the evidence must be embodied in the bill of exceptions. The bill of exceptions contained in the abstract of record fails to state that such bill contains all of the evidence adduced at the trial, and fails to state that there was no evidence adduced at the trial showing that plaintiff, Tolle, was the owner of the real estate in question, or that there was no evidence that defendant, Frank Titus, who bid in the real estate at the trustee's sale, was the real beneficiary in the deed of trust.

We are compelled, therefore, to accept as true the recitals in the judgment to the effect that plaintiff, Louis D. Tolle, was the owner of the real estate described in his petition, and that the defendant, Frank Titus, was the real beneficiary in the deed of trust, or mortgage, under which the real estate mentioned was sold. The findings of the lower court amply support the judgment.

We are, therefore, of the opinion that the judgment of the lower court must be affirmed, and it is so ordered. All concur.